UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY DEFLORA, )
    Plaintiff, )
)
vs. ) Civil Action No. CV-03-S-1212-S
)
BRICE BUILDING COMPANY, INC., )
)
    Defendant. )

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss (doc. no. 23). Defendant seeks dismissal of plaintiff's case on a theory of judicial estoppel. According to defendant, plaintiff failed to reveal his age discrimination claim during his Chapter 7 proceedings before the bankruptcy court. For the foregoing reasons, defendant's motion is due to be denied.

## I. BACKGROUND FACTS

On July 17, 2002, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination.[1] Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 10, 2003.[2] On that same day, plaintiff answered "none" under oath in the Statement of Financial Affairs in response to the inquiry into existing "suits and administrative proceedings, executions, garnishments and attachments."[3] Plaintiff did disclose "Brice Construction Co." in his Schedule B listing of personal property under "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" with a corresponding value of $1.[4] The bankruptcy trustee's final report filed on February

---

[1] Doc. no. 8.
[2] *See* Exhibit A attached to Defendant's Motion to Dismiss (doc. no. 23)
[3] *See* Exhibit B attached to Defendant's Motion to Dismiss.
[4] *See* Exhibit A attached to Plaintiff's Reply Brief in Opposition to Defendant's Motion to Dismiss (doc. no. 29).

10, 2003, however, stated that the estate did not include any assets other than those for which lawful exemptions apply.[5] The EEOC issued plaintiff a notice of right to sue on February 27, 2003.[6] The bankruptcy court granted plaintiff a discharge pursuant to 11 U.S.C. § 727 on May 19, 2003.[7] Plaintiff filed his complaint alleging age discrimination with this court on May 22, 2003.[8]

## II. ANALYSIS

Defendant moves to dismiss on the grounds of judicial estoppel, citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002) and *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003), in support. In *Burnes*, the Eleventh Circuit affirmed the dismissal of an employment discrimination suit through application of judicial estoppel when the plaintiff failed to disclose his pending discrimination case to the bankruptcy court during his conversion from Chapter 13 to Chapter 7 and ultimate discharge under Chapter 7. In *DeLeon*, the court applied the holding in *Burnes* to a bankruptcy proceeding under Chapter 13. In both cases, a discrimination lawsuit was filed and pending before the conclusion of the bankruptcy proceedings, but the plaintiff failed to disclose the existence of the federal lawsuit as a potential asset to the bankruptcy court.

The purpose of the judicial estoppel doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001) (citations omitted). In the Eleventh Circuit two factors have been considered in the application of judicial estoppel: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial

---

[5] *See* Exhibit C attached to Defendant's Motion to Dismiss.

[6] *See* Plaintiff's Notice of Compliance, attachment 3 (doc. no. 8).

[7] *See* Exhibit D attached to Defendant's Motion to Dismiss.

[8] *See* Complaint (doc. no. 1).

system." *Burnes*, 291 F.3d at 1285. The court, however, also recognizes that the factors are not inflexible or exhaustive and that all the circumstances of a particular case must be considered when applicability of this doctrine is at issue. *Id.* at 1286.

Plaintiff argues that disclosure of Brice Construction Company on his Schedule B evinces that his failure to disclose the claim on the Statement of Financial Affairs was inadvertent error. Plaintiff further maintains that he was not aware that anything was missing on his Statement of Financial Affairs as he disclosed all creditors and proceedings to his bankruptcy counsel who was entrusted to insert the information where necessary.[9] Finally, plaintiff contends that he did not know the value of his lawsuit at the time his papers were filed in bankruptcy court.[10]

The court cannot help but notice the convenient timing between plaintiff's total discharge in bankruptcy on May 19, 2003 and the filing of his lawsuit only three days later. One court has observed, however, that application of judicial estoppel in this context "punishes the creditors of the nondisclosing debtor, not just the debtor. The better result is to allow the claim to be prosecuted and collected, order the funds paid toward claims filed in the case, and punish the debtor another way." *The Travelers Indemnity Company of Illinois, Inc. et al. v. Griner (In re Griner)*, 240 B.R. 432 (S. D. Ala. 1999). The court agrees. Because the lawsuit was not pending at the time plaintiff obtained his discharge in bankruptcy, and because there is no evidence in the record to indicate that plaintiff knew the value of his claim or lawsuit during the time preceding his discharge, the court cannot say that plaintiff intended a "mockery of the judicial system." *Burnes*, 291 F.3d at 1285.

One commentator has noted that many courts applying judicial estoppel may be overlooking the fact that unscheduled assets remain the property of the bankruptcy estate, and as such, upon any recovery by the debtor in a subsequent lawsuit, the trustee would have the

---

[9] *See* Affidavit of Anthony DeFlora (doc. no. 34).
[10] *See id.*

3

right to reopen the case to administer the proceeds under § 554(d) of the Bankruptcy Code. *See* William Houston Brown, Lundy Carpenter, and Donna T. Snow, *Debtors' Counsel Beware: Use of the Doctrine of Judicial Estoppel in Nonbankruptcy Forums*, 75 Am. Bankr. L.J. 197, 214 (2001). Of course, that can only be the case if the trustee is made aware of the subsequent lawsuit. Accordingly, the court finds that the more appropriate course is to deny defendant's motion to dismiss and to direct plaintiff to notify the bankruptcy trustee of his pending lawsuit and to keep the trustee apprised of any pertinent developments.

### III. CONCLUSION

In accordance with the order entered contemporaneously herewith, the court finds that defendant's motion to dismiss should be denied. The court further finds that plaintiff should provide the bankruptcy trustee with a copy of this court's memorandum opinion and order and should notify the bankruptcy trustee of any pertinent developments throughout the course of this lawsuit.

DONE this __14th__ day of November, 2003.

_____
United States District Judge