UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DEFLORA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. CV-03-S-1212-S |
| BRICE BUILDING COMPANY, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This action is before the court on defendant's motion for partial summary judgment (doc. no. 31). Defendant maintains that plaintiff cannot pursue his equitable claims of reinstatement and front pay[1] because he unreasonably rejected an offer of reinstatement to substantially equivalent employment. Defendant further maintains that because plaintiff waived his opportunity to be reinstated, his claim for permanent injunction is now moot. For the foregoing reasons, defendant's motion is due to be granted.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, cross-claim, or counterclaim on which there is no genuine issue of material fact, and upon which the moving party is entitled to prevail as a matter of law.

> The judgment sought *shall be rendered forthwith if* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c) (emphasis supplied). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[1] Although defendant argues that plaintiff has waived remedies of both reinstatement and front pay, the court has found plaintiff is estopped from pursuing his monetary claims in a separate order dated contemporaneously herewith. Thus, the court's opinion will focus on the remedy of reinstatement for purposes of this motion for partial summary judgment.

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

The moving party bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *See, e.g., Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the opposing party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*). Rule 56 permits the movant to discharge this burden with or without supporting affidavits. *See Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.

When the moving party has discharged its burden, the opposing party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *See Jeffery*, 64 F.3d at 594. The non-moving party must come forward with more than a "mere 'scintilla'" of evidence; instead, "there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-moving party, and, to resolve all reasonable doubts in that party's favor. *See Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983).

Moreover, inferences that are "merely colorable,"[2] conclusory,[3] or conjectural, do not create a genuine issue of material fact. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corporation v. Dunmar Corporation*, 43 F.3d 587, 592 (11th Cir.), *cert. denied*, 516 U.S. 817, 116 S. Ct. 74, 133 L.Ed.2d 33 (1995) (citation omitted). In short, to avoid summary judgment, the opposing party must come forward with specific facts that are "material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicious." *American Lease Plans, Inc. v. Silver Sand Co. of Leesburg, Inc.*, 637 F.2d 311, 315 (5th Cir. 1981).[4]

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *See Augusta Iron & Steel Works v. Employers Insurance of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted));

---

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988).

[3] *See Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 949 (11th Cir. 1993); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

*see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed.2d 202 (1986).

## II. STATEMENT OF FACTS

Plaintiff was employed by defendant as a carpenter specializing in finish and trim work.[5] Plaintiff was placed on layoff status in February 2002.[6] Defendant sent plaintiff the necessary paperwork for him to obtain health insurance coverage pursuant to COBRA.[7] Plaintiff did not exercise his option to obtain health insurance under COBRA.[8] Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2002.[9]

Defendant offered plaintiff reinstatement to a carpenter position at his rate of pay at the time of his layoff on November 25, 2002, requesting that plaintiff accept or reject the offer by December 4, 2002.[10] Plaintiff received defendant's offer on November 27, 2002, but failed to respond.[11] After receiving no response from plaintiff, defendant notified him that the position was offered to another qualified individual.[12] Defendant's offer of reinstatement on November 25, 2002, represented the first occasion, since plaintiff's layoff, that a position within plaintiff's specialty and at his former rate of pay was available.[13] The

---

[5] *See* Complaint ¶ 6 (doc. no.1).

[6] *Id.* ¶ 7.

[7] *See* Defendant's Evidentiary Submission in Support of Its Motion for Partial Summary Judgment, Reid Declaration ¶ 5, and Exhibit A (doc. no. 32).

[8] *See id.*, Reid Declaration ¶ 5.

[9] *See* Notice of Compliance, Attachment 1 (doc. no. 8).

[10] *See* Defendant's Evidentiary Submission, Chambers Declaration ¶ 4, and Exhibit A.

[11] *See id.* ¶ 4, and Exhibits B and C.

[12] *See id.*, Exhibit C.

[13] *See id.* ¶ 5.

EEOC issued plaintiff a notice of right to sue on February 27, 2003.[14] Plaintiff filed his complaint alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*

### III. ANALYSIS

Plaintiff does not dispute the facts as outlined in defendant's brief in support of its motion for partial summary judgment.[15] Plaintiff argues, however, that defendant's offer of reinstatement did not include reinstatement of group medical, group long-term disability and group term life insurance benefits. Instead, plaintiff points out that the offer required him to re-qualify for those benefits he previously received while an employee by working 1240 hours in eight consecutive months.

The ADEA encourages employers to make good-faith offers to claimants. *Stanfield v. Answering Service, Inc.*, 867 F.2d 1290, 1296 (11th Cir. 1989). "Once such an offer is made, claimants forfeit their right to reinstatement unless their refusal of the employer's offer is reasonable." *Id.* In determining whether such refusal is reasonable, the Eleventh Circuit finds it instructive to look at cases addressing the duty to mitigate. *See id.*

Plaintiff contends that defendant's offer of reinstatement is not substantially equivalent because it failed to include those fringe benefits he enjoyed prior to his layoff. Had plaintiff been offered the same job at the same rate of pay from another employer, however, he would have failed to fulfill his duty to mitigate his damages by refusing employment. This is true even though the other employer may not offer fringe benefits until plaintiff had been employed for a reasonable period of time. *See, e.g., Ford Motor Company v. Equal Employment Opportunity Commission*, 458 U.S. 219, 232-33, 102 S. Ct. 3057, 3066, 73 L. Ed. 2d 721 (1982) ("The claimant, after all, plainly would be required to

---

[14] *See* Notice of Compliance, Attachment 3.
[15] *See* Plaintiff's Reply Brief in Opposition to Defendant's Summary Judgment (doc. no. 39) and Initial Order, Appendix at 9-12 (doc. no. 7).

minimize his damages by accepting another employer's offer even though it failed to grant the benefits of seniority not yet earned."); *see also id.* at n.19 ("For the same reasons, a defendant's job offer is effective to force minimization of damages by an unemployed or underemployed claimant even without a supplemental offer of back pay, since the claimant would be required to accept another employer's offer of a substantially similar job without a large front-end, lump-sum bonus.") (citations omitted).

Thus, the outcome should be no different, if the offer of reinstatement is made by defendant. Defendant was not permitted, under its agreement with its carrier for group term life and group long-term disability benefits, to offer those benefits to employees not recalled within six months of layoff.[16] Further, had plaintiff exercised his rights under COBRA, defendant would have been able to offer plaintiff health insurance benefits.[17] The court concludes that plaintiff's refusal to accept defendant's offer of reinstatement was not reasonable under these circumstances. As such, his claims for reinstatement are waived.

Because plaintiff's monetary claims have been dismissed by separate order on the grounds of judicial estoppel, and because plaintiff's claim for reinstatement is now deemed to have been waived, plaintiff's remaining claims for declaratory and injunctive relief are moot. *See Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S. Ct. 1739, 1740, 52 L. Ed. 2d 219 (1977) (holding that once it is determined that a police officer is not liable for damages in a § 1983 case, emotional involvement in a lawsuit is not enough to meet the case-or-controversy requirement and remaining claim for declaratory judgment was moot); *Amirmokri v. Baltimore Gas & Electric Company*, 60 F.3d 1126, 1132 (4th Cir. 1995) (finding injunction against future harassment inappropriate unless plaintiff is reinstated to

---

[16] *See* Defendant's Evidentiary Submission in Support of Its Motion for Partial Summary Judgment, Reid Declaration ¶ 4.

[17] *See id.* at ¶ 5 and Exhibit A.

employment).[18]

## IV. CONCLUSION

In light of the foregoing, the motion for partial summary judgment should be granted, and plaintiff's claim for reinstatement is waived. Further, plaintiff's remaining claims for declaratory and injunctive relief are moot. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this ____30th____ day of January, 2004.

_____
United States District Judge

---

[18] Plaintiff does not present any argument to counter the contention that if his claim for reinstatement is waived, his remaining claims for equitable relief are moot. Plaintiff's entire response to this point is based on his previous argument that he has not waived reinstatement – an argument which the court has rejected. *See* Plaintiff's Reply Brief in Opposition of Defendant's Motion for Partial Summary Judgment at unnumbered page 4.